UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

COREY AVENT,

                                                              Plaintiff,

            -against-

THE CITY OF NEW YORK, DET. CLAUDIO
SCARLATO, DET. RAYMOND WILLIAMS, SGT.
MICHAEL LAMNECK, DET. DEODHRAM SINGH,
DET. AUBREY HENRY, and P.O.s  JOHN and JANE
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                                             Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

04 CV 2451 (CBA) (CLP)

**JURY TRIAL DEMANDED**

      Plaintiff COREY AVENT, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff COREY AVENT is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants DET. CLAUDIO SCARLATO, DET. RAYMOND WILLIAMS, SGT. MICHAEL LAMNECK, DET. DEODHRAM SINGH, DET. AUBREY HENRY, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On May 7, 2003, at approximately 3:00 p.m., plaintiff COREY AVENT was lawfully present in front of the premises known as 442 Classon Avenue, in the County of Kings, in the City and State of New York.

14. At aforesaid time and place, members of the New York City Police Department hit plaintiff COREY AVENT in the head with a police radio, threw him to the ground, physically assaulted him, and strip-searched him.

15. As a result of this unprovoked assault, plaintiff COREY AVENT sustained, *inter alia*, lacerations, abrasions, and contusions.

16. Defendants then handcuffed plaintiff COREY AVENT and placed him under arrest on drug charges and for resisting arrest and assaulting a police officer, despite defendants' knowledge that they lacked probable cause to do so.

17. Plaintiff COREY AVENT was then transported to Woodhull Hospital for treatment of the injuries sustained during the assault by defendants.

18. Following his treatment at Woodhull Hospital, plaintiff COREY AVENT was transported to the 88th Precinct of the New York City Police Department, in Brooklyn, New York, and from there to Brooklyn Central Booking.

19. Plaintiff COREY AVENT was held and detained in police custody for approximately sixteen hours.

20. Defendants initiated criminal proceedings against plaintiff COREY AVENT despite defendants' knowledge that they lacked probable cause to do so.

21. During the period between May 8, 2003 and July 19, 2003, plaintiff COREY AVENT was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

22. On or about July 19, 2003, a Grand Jury refused to return a True Bill, resulting in the dismissal of all criminal charges against plaintiff COREY AVENT.

23. As a result of the foregoing, plaintiff COREY AVENT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff COREY AVENT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff COREY AVENT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff COREY AVENT's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff COREY AVENT's constitutional rights.

35. As a result of the aforementioned conduct of defendants, plaintiff COREY AVENT was subjected to excessive force and sustained severe physical injuries.

### FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants strip-searched plaintiff COREY AVENT in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

38. As a result of the foregoing, plaintiff COREY AVENT was subjected to an illegal and improper strip search.

39. The foregoing unlawful strip search violated plaintiff COREY AVENT's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence before the District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff COREY AVENT.

45. Defendants lacked probable cause to initiate criminal proceedings against plaintiff COREY AVENT.

46. Defendants acted with malice in initiating criminal proceedings against plaintiff COREY AVENT.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff COREY AVENT.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiff COREY AVENT.

49. Defendants acted with malice in continuing criminal proceedings against plaintiff COREY AVENT.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

51. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff COREY AVENT's favor on or about July 19, 2003, when a Grand Jury refused to return a True Bill, resulting in the dismissal of all criminal charges against plaintiff.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants issued legal process to place plaintiff COREY AVENT under arrest.

54. Defendants arrested plaintiff COREY AVENT in order to obtain a collateral objective outside the legitimate ends of the legal process.

55. Defendants acted with intent to do harm to plaintiff COREY AVENT without excuse

or justification.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting from the New York Police Department's 'Stop & Frisk' Practices," and the New York State Attorney General's December 1, 1999 study entitled "New York City Police Department's 'Stop & Frisk' Practices: A Report to the People of the State of New York from the Office of the Attorney General"; b) unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and c) using excessive force in effectuating arrests.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff COREY AVENT.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff COREY AVENT as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff COREY AVENT as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff COREY AVENT was unlawfully arrested and detained.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff COREY AVENT's constitutional rights.

64. All of the foregoing acts by defendants deprived plaintiff COREY AVENT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon him;

    D. To be free from unlawful search;

    E. To be free from unwarranted and malicious criminal prosecution;

    F. To be free from malicious abuse of process;

    G. Not to have cruel and unusual punishment imposed upon him; and

    H. To receive equal protection under the law.

65. As a result of the foregoing, plaintiff COREY AVENT is entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

## PENDANT STATE CLAIMS

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. On or about July 29, 2003, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

68. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

69. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on September 19, 2003.

70. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71. Plaintiff has complied with all conditions precedent to maintaining the instant action.

72. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendant police officers arrested plaintiff COREY AVENT in the absence of probable cause and without a warrant.

75. As a result of the aforesaid conduct by defendants, plaintiff COREY AVENT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused

to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

76. The aforesaid actions by the defendants constituted a deprivation of plaintiff COREY AVENT's rights.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. As a result of the foregoing, plaintiff COREY AVENT was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

79. Plaintiff COREY AVENT was conscious of said confinement and did not consent to same.

80. The confinement of plaintiff COREY AVENT was without probable cause and was not otherwise privileged.

81. As a result of the aforementioned conduct, plaintiff COREY AVENT has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants' aforementioned actions placed plaintiff COREY AVENT in apprehension of imminent harmful and offensive bodily contact.

84. As a result of defendants' conduct, plaintiff COREY AVENT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendant police officers touched plaintiff COREY AVENT in a harmful and offensive manner.

87. Defendant police officers did so without privilege or consent from plaintiff COREY AVENT.

88. As a result of defendants' conduct, plaintiff COREY AVENT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## UNLAWFUL SEARCH

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendants strip-searched plaintiff COREY AVENT in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband

91. As a result of this unlawful strip search, plaintiff COREY AVENT's right to privacy was violated and he sustained emotional injuries.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. On or about May 7, 2003, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff COREY AVENT, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

94. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff COREY AVENT had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

95. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff COREY AVENT.

96. Defendants lacked probable cause to initiate criminal proceedings against plaintiff COREY AVENT.

97. Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff COREY AVENT.

98. Defendants misrepresented and falsified evidence before the District Attorney.

99. Defendants did not make a complete and full statement of facts to the District Attorney.

100. Defendants withheld exculpatory evidence from the District Attorney.

101. Defendants misrepresented and falsified evidence before the Grand Jury.

102. Defendants did not make a complete and full statement of facts to the Grand Jury.

103. Defendants withheld exculpatory evidence from the Grand Jury.

104. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff COREY AVENT.

105.   Defendants lacked probable cause to continue criminal proceedings against plaintiff COREY AVENT.

106.   Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff COREY AVENT.

107.   Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff COREY AVENT's favor on or about July 19, 2003, when a Grand Jury failed to return a True Bill, resulting in the dismissal of all criminal charges against plaintiff.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS ABUSE OF PROCESS

108.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.   Defendant police officers issued legal process to place plaintiff COREY AVENT under arrest.

110.   Defendant police officers arrested plaintiff COREY AVENT to obtain a collateral objective outside the legitimate ends of the legal process.

111.   Defendant police officers acted with intent to do harm to plaintiff COREY AVENT, without excuse or justification.

112.   As a result of the aforementioned conduct, plaintiff COREY AVENT suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

113. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

115. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

116. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

117. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff COREY AVENT.

118. As a result of the aforementioned conduct, plaintiff COREY AVENT suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>NEGLIGENT HIRING AND RETENTION</u>

119. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff COREY AVENT.

121. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants DET. CLAUDIO SCARLATO, DET.

RAYMOND WILLIAMS, SGT. MICHAEL LAMNECK, DET. DEODHRAM SINGH, DET. AUBREY HENRY, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

122.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.   Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff COREY AVENT.

124.   As a result of the foregoing, plaintiff COREY AVENT is entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

**WHEREFORE**, plaintiff COREY AVENT demands judgment in the sum of three million dollars ($3,000,000.00) in compensatory damages and three million dollars ($3,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:        New York, New York
              December 12, 2004

                                            _____
                                            ROSE M. WEBER (RW 0515)
                                            225 Broadway, Suite 1608
                                            New York, NY 10007
                                            (212) 748-3355